IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 1:24-mj-00017-MAU-1 |
| **ANDY STEVEN OLIVA-LOPEZ,** | |
| Defendant. | |

**JOINT MOTION TO CONTINUE AND EXCLUDE TIME
UNDER THE SPEEDY TRIAL ACT**

The United States of America and Defendant, Andy Steven Oliva-Lopez, through his attorney, Peyton Lee, respectfully moves this Court for a 45-day continuance of the May 28, 2024, Status Hearing scheduled in the above-captioned matter, and further to exclude the time within which the Indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

In support of its motion, the United States and the defendant state as follows:

1)	The United States has just recently produced case-specific discovery on May 22, 2024, to the defendant – which includes a significant amount of discovery for the defendant's review. In addition, the parties are exploring whether a pre-trial resolution may be possible in this matter.

1

2) A reasonable delay will afford the defendant and Defense Counsel the opportunity to review and discuss the discovery, which may bear upon a decision to enter into plea negotiations and/or forego trial.

## ARGUMENT

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

Under the circumstances, an ends-of-justice continuance is warranted under 18 U.S.C. § 161(h)(7)(A). The parties require additional time to review discovery and to explore the possibility of a plea-trial resolution. Mr. Oliva-Lopez understands that this motion will result in excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and waives his rights under the Act to the filing of an indictment before May 28, 2024.

THEREFORE, the parties respectfully request that this Court grant a 45-day continuance of the May 28, 2024, Status Hearing, scheduled in the above-captioned matter, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

Respectfully submitted,

| | |
|---|---|
| *By: /s/ David J. Perri* | */s/ Peyton Lee* |
| DAVID PERRI | Peyton Lee |
| WV Bar No. 9219 | OSB No. 164224 |
| Assistant United States Attorney – Detailee | Assistant Federal Public Defender |
| U.S. Attorney's Office for the District of Columbia | District of Oregon |
| 601 D Street, N.W. | 101 SW Main Street, Suite 1700 |
| Washington, D.C. 20530 | Portland, OR 97204 |
| Phone: (304) 234-0100 | (503) 326-2123 |
| Email: David.perri@usdoj,gov | Email: Peyton_lee@fd.org |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 1:24-mj-00017-MAU-1

    v.

ANDY STEVEN OLIVA-LOPEZ,

        Defendant.

## ORDER

Based upon the representations in the Joint Motion to Continue and to Exclude Time Under the Speedy Trial Act, and upon consideration of the entire record, it is hereby

**ORDERED** that the Motion is GRANTED; it is further

**ORDERED** that the currently scheduled status hearing on May 28, 2024, be continued for good cause to July 12, 2024, at _____ p.m., and it is further

**ORDERED** that the time between May 28, 2024, and July 12, 2024, shall be excluded from calculation under the Speedy Trial Act, see 18 U.S.C. § 3161(h)(7)(A). The Court finds that the ends of justice served by the granting of such a continuance outweighs the best interests of the public and the defendant in a speedy trial, as a continuance will provide the parties additional time to review discovery and to explore the possibility of a pre-trial resolution.

                                                      _____
                                                      HONORABLE MOXILA A. UPADHYAYA
                                                      MAGISTRATE JUDGE