IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**ANDY STEVEN OLIVA-LOPEZ,**<br><br>　　　　　　　　　　**Defendant.** | Case No. 1:24-mj-00017-MAU-1 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME RE: STATUS HEARING**

The United States of America and Defendant, Andy Steven Oliva-Lopez, through his attorney, Peyton Lee, respectfully moves this Court pursuant to Fed. R. Crim. P. 12 and 18 U.S.C. § 3161(h), for an order extending the status hearing in this matter for approximately 30 days, until August 9, 2024, or a date thereafter convenient to the Court. This motion is unopposed by Assistant United States Attorney David Perri.

In support of its motion, the United States and the defendant state as follows:

1)　　The Defendant expects to receive a formal plea offer from the United States within a day or two. A reasonable delay will afford the defendant and Defense Counsel the opportunity to review and discuss any preindictment plea offer.

**ARGUMENT**

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense

1

must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing §3161(h)(7)(B)(ii), (B)(iv)).

An interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

Under the circumstances, an ends-of-justice continuance is warranted under 18 U.S.C. § 161(h)(7)(A). The parties require additional time to review discovery and to explore the possibility of a plea-trial resolution. Mr. Oliva-Lopez understands that this motion will result in

excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and waives his rights under the Act to the filing of an indictment before May 28, 2024.

**THEREFORE**, the parties respectfully request that this Court grant a 30-day continuance of the July 11, 2024, Status Hearing, scheduled in the above-captioned matter, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

Respectfully submitted this July 9, 2024,

*/s/ Peyton Lee*

Peyton Lee
Assistant Federal Public Defender
District of Oregon
101 SW Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:24-mj-00017-MAU-1

       v.

ANDY STEVEN OLIVA-LOPEZ,

        Defendant.

## ORDER

Based upon the representations in the Joint Motion to Continue and to Exclude Time Under the Speedy Trial Act, and upon consideration of the entire record, it is hereby

**ORDERED** that the Motion is GRANTED; it is further

**ORDERED** that the currently scheduled status hearing on July 11, 2024, be continued for good cause to August 9, 2024, at _____ p.m., and it is further

**ORDERED** that the time between July 11, 2024, and August 9, 2024, shall be excluded from calculation under the Speedy Trial Act, see 18 U.S.C. § 3161(h)(7)(A). The Court finds that the ends of justice served by the granting of such a continuance outweighs the best interests of the public and the defendant in a speedy trial, as a continuance will provide the parties additional time to review discovery and to explore the possibility of a pre-trial resolution.

_____
HONORABLE MOXILA A. UPADHYAYA
MAGISTRATE JUDGE